**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-X

In re:

    Stanley Gorski,

                   Debtor(s).

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-X

Chapter 13

Case No. 12-35804 (cgm)

## MEMORANDUM DECISION DISGORGING PROFESSIONAL FEES

**A P P E A R A N C E S :**

Andrea B. Malin, Esq.
Hampton Business Center
1136 Route 9
Wappingers Falls, NY 12590
*For the Debtors*

Warren Greher, Esq.
Greher Law Offices, PC
P.O. Box 244
1161 Little Britain Road, Ste. B
New Windsor, NY 12553
*For David L. Levinson, Esq.*

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

       Chapter 13 debtor filed a motion to disgorge legal fees paid to his divorce counsel during the pending bankruptcy case. The Court finds that divorce counsel did not properly disclose the fees received from the Debtor, and that the proper remedy is disgorgement of a portion of the fees. The Court also finds that divorce counsel must file a fee application for all other fees received.

**Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) (matters concerning administration of the estate).

**Background**

Stanley Gorski ("Debtor") filed this chapter 13 case on March 30, 2012. Pet., ECF No. 1. On August 1, 2012, the Debtor's estranged spouse filed for divorce. Mot. ¶ 2, ECF No. 102. Debtor consulted David Levinson, Esq. of Levinson, Reineke, & Ornstein, P.C. ("Mr. Levinson"), on September 7, 2012 to represent him in the divorce. *Id.* ¶ 3. Debtor alleges that he informed Mr. Levinson on that day that he was a debtor in a pending bankruptcy. *Id.*

Levinson received a retainer of $7,150 to conduct the divorce representation. *Id.* ¶ 4; Opp'n Ex. A, ECF No. 106 (retainer agreement). Of this retainer, $5,350 was paid by a third party, Aquapurity Plus, LLC. *See* Mot. Ex. C, ECF No. 102 (copies of cancelled checks). An invoice dated April 26, 2013 showed $7,150 as paid, $3,936.25 as earned by Mr. Levinson, and $3,213.75 as a credit balance for money paid by Debtor and not yet earned by Mr. Levinson. Mot. Ex. A, ECF No. 102. Debtor seeks disgorgement of the $3,213.75 credit balance held by Mr. Levinson. Mot. ¶ 11, ECF No. 102. Debtor also seeks $2,396.43 in attorney's fees and expenses for bringing this motion. *Id.*

Mr. Levinson opposes the motion, stating that he did not learn of the bankruptcy case until receiving a letter from Debtor's counsel in December of 2013. Opp'n ¶ 10, ECF No. 106. Mr. Levinson questions the motives of the Debtor and his bankruptcy counsel in not seeking his retention from the Court. *Id.* ¶ 11–12. Mr. Levinson states that he does not practice before the

Court, is unfamiliar with bankruptcy procedure, and that it was the responsibility of Debtor's counsel to seek his retention. *Id.* ¶ 14–15.

With respect to the credit balance, Mr. Levinson asserts that he and his firm performed 6.3 hours of work subsequent to the April 26, 2013 invoice, leaving Debtor with a $410.75 remaining credit. *Id.* ¶ 17. He requests that the Court deny the Debtor's motion entirely. *Id.* ¶ 20.

## Discussion

The Court notes that "a chapter 13 debtor has the right to employ counsel so long as the following two requirements are met: 1) the need to disclose compensation paid or agreed to be paid pursuant to section 329 and 2) the need for approval of post-petition payments from property of the estate pursuant to section 330(a)(4)(B)." *In re Cahill*, 478 B.R. 173, 176 (Bankr. S.D.N.Y. 2012) (citations omitted). Mr. Levinson's arguments regarding retention are without merit. "Section 327 is not a requirement that must be met before a chapter 13 debtor may hire counsel in chapter 13 cases . . . ." *Id.* The issue here is whether Mr. Levinson complied with §§ 329 and 330(a)(4)(B). *Id.*

### I.    Disclosure.

Section 329(a) states:

> Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

Section 329 requires attorneys who are "representing a debtor in a case under this title, or in connection with such a case" to file a statement disclosing his or her fees. Section 329 is further implemented by Federal Rule of Bankruptcy Procedure 2016(b):

> Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 14 days after the order for relief, or at another time as the court may direct, the statement required by §329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required. A supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed.

This Court described the underlying purpose of the disclosure rules in *In re Ortiz*, 496 B.R. 144, 148 (Bankr. S.D.N.Y. 2013) (internal citations and quotations omitted):

> Disclosure of compensation pursuant to § 329 and Rule 2016(b) is mandatory, not permissive. The Bankruptcy Code requires fee disclosure so that courts can prevent overreaching by debtors' attorneys and give interested parties the ability to evaluate the reasonableness of the fees paid. [P]ayments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and should be subject to careful scrutiny.
>
> The term "in connection with the case" in § 329(a) is construed broadly in the cases:
>
> With respect to whether an attorney's services were "in connection with the case," the courts treat that phrase as having an extensive reach. *See In re Laferriere*, 286 B.R. 520, 528 (Bankr. D. Vt. 2002). Once an attorney *is* "representing the debtor in [the] case" within the meaning of § 329(a), that attorney must disclose compensation for services on any matter having a connection with the case. Services are "in connection with" the bankruptcy case "if it can be objectively determined that the services rendered or to be rendered by the attorney have or will have an impact on the bankruptcy case." *In re Rheuban*, 121 B.R. 368 (Bankr. C.D. Cal. 1990), *rev'd in part on other grounds,* 124 B.R. 301 (C. D. Cal. 1990), *on remand,* 128 B.R. 551 (Bankr. C.D. Cal. 1991).

*In re Glemaud*, 2013 WL 4498677, at *9 (Bankr. D. Conn. Aug. 21, 2013) (quoting *In re Storey,* 2009 Bankr. LEXIS 2547, *1 (Bankr. D. D.C. June 29, 2009)).

Two cases highlight the effect a divorce proceeding can have on the bankruptcy case. Both arise in the context of retention of special counsel in chapter 11. The first comes from this District. In *In re Colin*, 27 B.R. 87 (Bankr. S.D.N.Y. 1983), an individual chapter 11 debtor sought to retain special counsel to pursue his divorce action. *Id.* at 88. The committee of unsecured creditors opposed the motion, arguing that the estate was not affected by the divorce proceeding. *Id.* The court disagreed with the committee:

> This Court is not convinced that the divorce proceedings will have no effect on the Chapter 11 case. The equitable distribution law in New York is recently passed and its scope is not yet defined. Indeed, each passing week seems to bring news of state court decisions expanding the property in which spouses may claim interests. The Committee urges the Court to await the outcome of the divorce proceeding, confident that any claim arising from that divorce action will be invalid in bankruptcy or, at least, incapable of satisfaction from the Chapter 11 estate. This Court believes that the debtor should prosecute his case fully in the state court and not wait for the issues to arise within the context of bankruptcy case. To prosecute the case, the debtor requires special counsel.

*Id.* at 89 (footnote omitted).

Similarly, in *In re Golstein*, 383 B.R. 496, 501 (Bankr. C.D. Cal. 2007), the court granted retention of divorce counsel for joint debtors who were separating, as "[i]t necessarily follow[ed] that the dissolution of their marriage w[ould] require the division of their marital property in order to dispose of the two bankruptcy estates at the conclusion of their chapter 11 plan of reorganization."

In a case similar to this case, *In re Swartout*, 20 B.R. 102 (Bankr. S.D. Ohio 1982), debtor's bankruptcy counsel worked 14.8 hours directly attributable to representation of the debtor in a pending divorce proceeding in addition to bankruptcy work. *Id.* at 106. The attorney sought an administrative expense priority claim for all hours worked in both the divorce and bankruptcy cases, contending that the divorce and bankruptcy proceeding were "inseparable." *Id.* The court found that the divorce representation was not rendered "in contemplation of and in

connection with" the bankruptcy case, and therefore denied the priority claim. *Id.* In so holding, the court stated that "legal services for matters unrelated to the ultimate bankruptcy proceeding should not be compensated as a priority expense if the services were not directly connected with the bankruptcy proceeding." *Id.*

While *Swartout* is on point factually, the Court does not find it persuasive in this case. The "in contemplation of" standard employed in *Swartout* derived from former Federal Rule of Bankruptcy Procedure 220. 3 <u>Collier on Bankruptcy</u> ¶ 329.LH[5] (16th ed. 2014). That standard was construed to mean that the debtor was "influenced by the imminence of bankruptcy." *Id.* (collecting cases). Under § 329(a) as presently written, the "in connection with" standard is much broader. *See Glemaud*, 2013 WL 4498677, at *9.

Given the broad application of the phrase "in connection with" amongst the courts, and the cases demonstrating that the debtor's divorce proceedings taking place during a bankruptcy case are intertwined with the interests of the estate, the Court is convinced that the disclosure requirement of section 329(a) applies to Mr. Levinson.

It is also irrelevant that Aqua Purity Plus, LLC paid a portion of the fees. Under § 329(a), Mr. Levinson and his firm were plainly required to disclose "the source of such compensation." This was not done. "The bankruptcy court may order the disgorgement of any payment made to an attorney representing the debtor in connection with a bankruptcy proceeding, irrespective of the payment's source." *In re Lewis*, 113 F.3d 1040, 1046 (9th Cir. 1997) (citation omitted).

Having found a violation of the disclosure requirements, the Court must determine the appropriate sanction. Given the importance of full disclosure, "[f]ailure to properly disclose a fee agreement subjects counsel to sanctions—even in the absence of other inappropriate

conduct." *In re Hall*, ___ B.R. ___, 2014 WL 4796929, at *3 (Bankr. N.D.N.Y. Sept. 26, 2014) (citing *In re Buckner,* 350 B.R. 874, 878 (Bankr. D. Idaho 2005)). Anything less than full disclosure leaves counsel exposed to the possibility that the entire fee may be denied, and "[t]he approach within the Second Circuit has uniformly been to decide Bankruptcy Code and Rule disclosure violations with an inflexible standard. No exceptions are to be made based upon inadvertency (slipshodness) or good faith." *Hall*, 2014 WL 4796929, at *3 (quoting *In re Laferriere*, 286 B.R. 520, 526 (Bankr. D. Vt. 2002)). "Many courts, perhaps the majority, punish defective disclosure by denying all compensation." *In re Gage*, 394 B.R. 184, 191 (Bankr. N.D. Ill. 2008) (collecting cases).

The court has the discretion to determine the appropriate sanction for failure to disclose, and crafting an appropriate remedy is "no easy task." *In re GSC Group, Inc.*, 502 B.R. 673, 750 (Bankr. S.D.N.Y. 2013). "The sanction levied must . . . be commensurate with the egregiousness of the conduct. In cases involving an attorney's failure to disclose his fee arrangement under § 329 or Rule 2016, however, the courts have consistently denied all fees." *In re Downs*, 103 F.3d 472, 478 (6th Cir. 1996) (collecting cases).

Even if Mr. Levinson did not learn of the bankruptcy until sometime in December 2013, no disclosure was ever made in this case. His arguments to the contrary miss the point, as retention is not the issue here. Mr. Levinson cannot pin the blame on the Debtor or his counsel. Federal Rule of Bankruptcy Procedure 2016 makes clear that "[e]very attorney for a debtor . . . shall file . . ." the disclosure. This simply is not a case about Debtor's conduct. Mr. Levinson has an independent duty to disclose the fees. He failed to do so for months after learning of the case.

The Court finds that a disgorgement of $500 of the fees paid is an appropriate sanction. The Court sympathizes with Mr. Levinson's inadvertence in this case. While Mr. Levinson has a duty to disclose, the caselaw with respect to divorce counsel in bankruptcy appears to be sparse, and at least one case has held that divorce counsel is not subject to § 329. *See Swartout*, 20 B.R. at 106. Nonetheless, disclosure is a crucial duty that was not observed.

## II.    Reasonableness of fees.

Having found that Mr. Levinson's representation was rendered "in connection with" the bankruptcy case, § 330(a)(4)(B) is also applicable. *Cahill*, 478 B.R. at 176. Section § 330(a)(4)(B) provides:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

The provision creates an exception to the general rule that professionals are only compensable if they perform services that benefit the estate. 3 Collier on Bankruptcy ¶ 330.03[1][b][v] (16th ed. 2014). It recognizes that, in a chapter 13 or chapter 12 case, the debtor's earnings are the principal estate asset, and that the debtor must expend them to receive services that benefit the debtor during the case. *Id.*

While § 330(a)(4)(B) creates a benefit for chapter 13 and chapter 12 attorneys, it also implies a burden. Simply stated, "an attorney may not take fees from a chapter 13 debtor postpetition without court approval." *In re Anderson*, 253 B.R. 14, 20 (Bankr. E.D. Mich. 2000) (citing *In re Pair,* 77 B.R. 976 (Bankr. N.D. Ga. 1987); *In re Courtois,* 222 B.R. 491, 495 (Bankr. D. Md. 1998)**;** *In re Fricker,* 131 B.R. 932, 941 (Bankr. E.D. Pa. 1991)); *see also In re Savell*, ___ B.R. ___, 2014 WL 4748515, at *4 (Bankr. W.D. La. Sept. 23, 2014) ("Read

together, 11 U.S.C. § 330(a) and Fed.R.Bankr.P.2016(a) require that, after the commencement of a chapter 13 case, counsel for the debtor apply for and receive court authorization before collecting any money or property from the debtor.") (citing *Anderson*, 253 B.R. at 20). Moreover, even if this bankruptcy case is dismissed and no estate funds are distributed, it is not clear that counsel would be entitled to fees regardless of a retainer executed in accordance with state law. *In re Garris*, 496 B.R. 343, 354 (Bankr. S.D.N.Y. 2013).

An application under § 330(a)(4)(B) requires the court to evaluate the benefit and necessity of the services to the debtor. Upon the filing of the application, the court may review the fees for reasonableness, and there will be "no risk to the estate that the fee will be excessive." *Cahill*, 478 B.R. at 176. If fees paid were unreasonable, the Court can order their return. 11 U.S.C. § 329(b).

Having found that Mr. Levinson is subject to § 329(a), he is also subject to § 329(b), which provides:

> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—
>     (1) the estate, if the property transferred—
>         (A) would have been property of the estate; or
>         (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
>     (2) the entity that made such payment.

The purpose of § 329(b) is to give the court the ability to prevent over-reaching attorneys from taking advantage of desperate bankruptcy debtors. *In re Jackson*, 401 B.R. 333, 342 (Bankr. N.D. Ill. 2009) (citations omitted). The attorney bears the burden of proof of establishing reasonableness. *In re Chez*, 441 B.R. 724, 730 (Bankr. D. Conn. 2010) (citation omitted). In determining reasonableness, the court should consider factors such as the competence of the

performance and the nature of the services rendered. *Id.* (citing *In re Grant,* 14 B.R. 567, 569 (Bankr. S.D.N.Y. 1981)).

Based on the foregoing, the Court will allow Mr. Levinson 30 days from entry of the order corresponding to this decision to file a fee application. The Court will determine the reasonableness of the fees at that time. *Id.* at 177. If Mr. Levinson does not file the application, he will not be entitled to any of the fees received, and will be subject to further disgorgement. *See Savell*, 2014 WL 4748515, at *8. Any fee approval will be subject to the $500 disgorgement ordered above.

### III.     Attorney fees for bringing the motion.

Debtor asks for attorney fees and costs for bringing this motion. This relief is difficult to achieve. *See In re Nagle*, 281 B.R. 654, 659 (B.A.P. 8th Cir. 2002) (citations omitted). The overarching American Rule in civil litigation requires each party to bear his or her own legal costs absent a statute, agreement, or court rule providing otherwise. *In re New York Skyline, Inc.*, 471 B.R. 69, 89 (Bankr. S.D.N.Y. 2012) (citing *Oscar Gruss & Son, Inc. v. Hollander,* 337 F.3d 186, 199 (2d Cir. 2003); *Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 548 N.E.2d 903, 904 (N.Y. 1989)). The court focuses on "the conduct of the party in instigating or maintaining the litigation" when applying the bad faith exception. *New York Skyline*, 471 B.R. at 90 (quoting *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.,* 782 F.2d 329, 344 (2d Cir. 1986)). Bad faith can be exhibited by "pursuit of frivolous contentions, or procedural bad faith as exhibited by, for example, its use of oppressive tactics or its willful violations of court orders." *Dow Chem.*, 782 F.2d at 344.

There was no willful disobedience of a court order. There is no evidence of bad faith, wanton, or oppressive behavior in the course of this litigation. "For a finding of bad faith, there

must be clear evidence that the claim was entirely without substance and was instituted only for vexatious, oppressive, or other improper purposes." *In re Gecowetts*, 122 B.R. 687, 689 (Bankr. E.D. Va. 1991) (quotation omitted).  The evidence here indicates that the Debtor may not have been fully candid with divorce counsel in disclosing the bankruptcy case.  As such, the Court cannot conclude that the defenses were raised for only vexatious, oppressive, or improper purposes.  Attorney fees and costs are not awarded.

## **Conclusion**

For the foregoing reasons, the Court orders disgorgement of $500 from Mr. Levinson for failure to comply with § 329(a).  He should disgorge $500 to the Debtor within 14 days of the entry of the order corresponding to this decision.  He will also have 30 days from the entry of that order to file a fee application pursuant to § 330(b)(4)(B).  Debtor should submit an order consistent with this opinion.


Dated: Poughkeepsie, New York
      November 5, 2014        /s/ Cecelia G. Morris
                                        CECELIA G. MORRIS
                                        CHIEF UNITED STATES BANKRUPTCY JUDGE